### ROY *v.* THE STATE.

LUMPKIN, J. 1. Where a mother was charged with murder resulting from an assault upon her child, in which the latter was beaten and stamped, and it appeared that several persons were present, one of whom assisted the mother in catching the child, it furnishes no ground for reversal that after the trial the evidence of some of these eye-witnesses (in-cluding the one who assisted her), who had not been subpœnaed or in-troduced as witnesses on the trial, was claimed to have been newly dis-

covered, no sufficient reason appearing why the accused did not know of such witnesses or could not procure their evidence at the trial.

2. Where such witnesses made mere general statements in affidavits that they did not apprise the defendant or her counsel before the trial of the facts to which they could testify, for the reason that they "had no opportunity to see defendant after her arrest, or her counsel after counsel had been employed," and the defendant and her counsel made affidavits in which they stated in general terms that they did not know of such evidence before the trial of the case, and could not, by the exercise of ordinary diligence have discovered it, without any reason being shown why it could not have been discovered, this did not suffice to explain the failure to obtain such testimony before the trial or to furnish ground for a new trial.

3. Newly discovered evidence which is only cumulative or impeaching in its character will not ordinarily require a reversal, where the presiding judge has declined to grant a new trial on that ground.

4. The evidence was sufficient to support the verdict, and there was no error in refusing to grant a new trial.

> *Judgment affirmed. All the Justices concur.*
> JULY 15, 1913.

Indictment for murder. Before Judge Graham. Bleckley superior court. April 5, 1913.

*James C. Linney* and *A. C. Saffold,* for plaintiff in error.

*T. S. Felder, attorney-general,* and *W. A. Wooten, solicitor-general,* contra.