*C. E. Roop, solicitor,* contra.

---

### 7112.   JOINER *v.* THE STATE.

WADE, J.   1.   Although motions for new trials based on newly discovered evidence are not favored by the courts, a new trial should be granted if the conviction of the accused rests upon circumstantial evidence alone, and the newly discovered evidence is direct and positive in character as to the innocence of the defendant, and such testimony would, if the witness be credited, produce a different result on a second trial.  See *Dougherty* v. *State,* 7 *Ga. App.* 91 (66 S. E. 276).

2. The motion for a new trial based on newly discovered evidence met all the requirements of law; it does not appear that the alleged newly discovered testimony could have been obtained at the trial by the exercise of reasonable diligence, and the ends of justice require that a new trial be granted.

*Judgment reversed. Russell, C. J., absent.*
DECIDED MARCH 16, 1916.

Accusation of cruelty to animal; from city court of Dublin— Judge Hicks.    November 15, 1915.

The accusation charged Frank Joiner with shooting a cow of W. G. Towns.   At the trial no witness testified that he saw the shooting or saw the defendant at the time of the shooting.   The evidence was wholly circumstantial.   The alleged newly discovered evidence was that of a person who did not testify at the trial, and who, in an affidavit, stated, that he knew of his personal knowledge that the cow, for the shooting of which Frank Joiner was convicted, was not shot by Frank Joiner; that he (the affiant) was in sight of and near the home of Frank Joiner on the day of the shooting, and the persons who did the shooting went away across the fields with their guns immediately; that at the time of the shooting Frank Joiner was in his home suffering from a bone felon, and did not see the shooting or the persons who did it, and for that reason did not know who did the shooting; and that he

did not tell Frank Joiner or any one else his knowledge of the persons who did the shooting, until after the trial.

*Hal B. Wimberly*, for plaintiff in error.

*S. P. New, solicitor*, contra.