## 33501. HARRIS *v.* THE STATE.

Decided May 23, 1951.

2

*Alvin L. Layne, T. Ross Sharpe,* for plaintiff in error.

*G. H. Williams, Solicitor,* contra.

GARDNER, J. It is the well established and salutary policy of our system of jurisprudence to give to persons accused of crime not only a trial by an impartial jury, but that such person shall have a "speedy trial." The Constitution of Georgia provides this.

For a similar provision in the Federal Constitution see Code § 1-806. Code § 2-105. Therefore, our General Assembly has provided that every person against whom a bill of indictment is found shall be tried at the term of court at which the indictment is found, unless the absence of a material witness or the principles of justice require a postponement of the trial, and then the court shall allow a postponement until the next term. See Code, § 27-2002. In keeping with this policy of our law, it has been provided by statute that an accused person may demand such trial.

Code § 27-1901, provides as follows: "Any person against whom a true bill of indictment is found for an offense not affecting his life may demand at either the term when the indictment is found, or at the next succeeding regular term thereafter, a trial, or, by special permission of the court, he may at any subsequent term thereafter demand a trial. In either case the demand for trial shall be placed upon the minutes of the court. If such person shall not be tried when the demand is made, or at the next succeeding regular term thereafter, provided at both terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment." The term succeeding that at which the demand is granted by the judge is the next regu-

lar term as fixed by the above statute. *Nix* v. *State*, 5 *Ga. App.* 835 (63 S. E. 926). The language of the statute is "imperative and admits of no exceptions." Trial or acquittal are the only alternatives. See *Durham* v. *State*, 9 *Ga.* 306(2). The State is bound to try the defendant or he shall be discharged or acquitted as provided in the above Code provision. *Nix* v. *State*, supra.

A competent jury was impaneled both at the term the demand for trial was made and at the next succeeding term, when the case was not called. The fact that the State did not call the case at the second term, when there was a jury impaneled and qualified to try him, where there was no waiver by the defendant, entitled him to move to be discharged at the next term after that. See *Flagg* v. *State*, 11. *Ga. App.* 37 (74 S. E. 562); *Adams* v. *State*, 65 *Ga.* 516.

There is no merit in the contention that the defendant had to wait a term before making a demand for trial, or that the demand made by him was premature. The defendant may make the demand at the term at which the indictment was returned. The demand here was made and allowed by the judge at the adjourned session of the July term, 1950, of said court, and there was a jury competent to try him at that term, but the case was continued at the instance of the State, although the defendant announced ready for trial. At the next regular term, in October, 1950, the case was not called, although there was a jury competent to try the defendant impaneled at said term of the court. It was not incumbent on the defendant to make a second demand or insist upon a trial at this term. *Flagg* v. *State*, supra. Therefore, the motion was properly made at the next January term, 1951, of said court that the defendant be discharged and acquitted according to the terms of the above Code section. The court should have granted said motion and discharged the defendant.

There is no merit in the contention that the demand was not spread upon the minutes. The judge, at said adjourned term, on September 11, 1951, rendered this order: "The defendant being present in court with a competent jury drawn and impaneled to try him and announcing ready for trial and the State announcing not ready, a demand is hereby granted and

unless said case is tried at the October term of this court said defendant shall be discharged with cost. This September 11, 1950." This order was signed by the judge of said trial court. It does not appear from the record before this court that the above order was not filed in the court below. It will be presumed that it was. Besides, the defendant ought not to be penalized for the clerk's failure to file this order, if this failure can be said to constitute a failure to have the demand for trial placed upon the minutes, as required by Code § 27-1901.

It follows that the trial court erred in overruling and denying the motion of the defendant, made at the January term 1951 of said court, that he be discharged.

*Judgment reversed. MacIntyre, P.J., and Townsend, J., concur.*