21553. CARDIN v. HARMON, Sheriff.

ARGUED FEBRUARY 12, 1962—DECIDED MARCH 8, 1962—
REHEARING DENIED MARCH 23, 1962.

*Wade Leonard,* for plaintiff in error.

*Earl B. Self, Solicitor-General, Robert E. Coker,* contra.

DUCKWORTH, Chief Justice. Involved in this case are questions of how and when the matters of insanity at the time of trial of one charged with crime must be raised—whether in such cases the remedy of habeas corpus may be employed rather than motion or extraordinary motion for new trial as the exclusive remedy. This case illustrates how cases otherwise within the exclusive jurisdiction of the Court of Appeals may be transferred to the Supreme Court by the simple practice of attorneys ignoring the available remedies of review by motions or extraordinary motions for new trial and resorting in the first instance to habeas corpus. The evils of such practice should be tolerated if and only if the Constitution and law demand it.

Here, within seven days after the conviction and sentence in the City Court of Walker County, Georgia, of the prisoner on an indictment charging him with the crime of assault and battery, and during the time when a motion for a new trial could have been filed, this petition by the mother of the prisoner seeks his release from custody of the sheriff who is holding him under

that sentence, upon the ground that in 1953 he had been adjudged insane and committed to the State Hospital at Milledgeville, and no court judgment had restored his sanity. This record shows that the prisoner was represented by counsel upon his trial in the city court, that no demurrer or special plea was entered, and only a plea of "not guilty" was entered, and upon that plea and the indictment an issue of guilt or innocence was made and tried, resulting in the sentence under which he is being held.

There are countless laws forbidding or commanding certain things, but where, as here, such laws prescribe the procedure for securing rights thereunder, absence of such procedure bars any privileges of claiming such rights. As relates to this case, *Code* § 27-1504 in part declares that: "No lunatic or person afflicted with insanity shall be tried, or put upon his trial, for any offense, during the time he is afflicted with such lunacy or insanity." But it does not stop there; it further provides that: "which shall be tried in the manner hereinbefore pointed out where the plea of insanity at the time of trial is filed, and, on being found true, the prisoner shall be disposed of in like manner." The reference to "hereinbefore pointed out" means *Code* § 27-1501, which provides for filing demurrers to the indictment or pleas to the jurisdiction, abatement, or in bar upon arraignment, and "the demurrer or plea shall be made in writing." It also refers to *Code* § 27-1502, which provides for first trying the plea of insanity, and if sustained, prescribes the disposition of the accused, without trying the issue of guilt or innocence of the crime charged. Counsel seize upon language found at page 787 in the case of *Brown v. State*, 215 Ga. 784 (113 SE2d 618), which was taken from *Baughn v. State*, 100 Ga. 554 (28 SE 68, 38 LRA 577), that: "It is our opinion that *Code* § 27-1504 which guarantees to one charged with crime that he shall not be tried while in a condition of insanity . . . ", for support of the assertion that the conviction is void even though no plea of insanity was filed or tried. The opinion in the *Brown* case, supra, further states that the question for decision on the trial of a plea of insanity at the time of trial is "whether he is capable at the time of the trial of understanding the nature and object of the proceedings going on against him and rightly comprehends

his own condition in reference to such proceedings, and is capable of rendering his attorneys such assistance as a proper defense to the indictment preferred against him demands." In the *Baughn* case, supra, it is said at page 557 that Penal Code § 951 (now *Code* § 27-1502) secures to a person charged with a crime the right to have the question of his mental condition at the time of the trial inquired into before being required to plead to the indictment, citing *Long v. State,* 38 Ga. 491.

It is clear that *Code* § 27-1504 confers upon everyone the right to show insanity at the time of trial by a plea to that effect as provided by law, and when insanity is thus established, the law forbids his being tried while it exists. The humane purpose of this law must not be converted into a means of escaping punishment after conviction by court actions where no plea was filed and no effort made to show the accused insane at the time of trial. If insanity was known to his counsel, then counsel had a professional, moral, and legal duty to file a plea of insanity as provided by law. If unknown, then it can be raised by a ground of a motion for a new trial by a proper showing. Thus is available a full and complete remedy for securing the protection of *Code* § 27-1504.

Habeas corpus is never a substitute for a writ of error or other remedial procedure to correct errors in the trial of a criminal case. *Wells v. Pridgen,* 154 Ga. 397 (114 SE 355). The petition, although avoiding allegations that the prisoner was insane at the time of trial, and relying upon *Code* § 38-118 for a presumption that insanity adjudged in 1953 continued because no court judgment had restored his sanity, even if enough to charge insanity, shows no more than a ground of a motion for new trial, and not even that, if known at the time of trial. It thus shows no ground for the writ of habeas corpus, and the judgment dismissing the same on demurrer was not error.

Lest some may think it tragic if courts fail to protect an insane person against being tried while insane, which was known to him and his counsel at the time of the trial, we would point out that this court must decide cases according to law, and we have no power to pardon, but anyone tried while insane and without pleading insanity as required by law has an appeal to the

pardoning powers of the State. This record shows that the petitioner, Mrs. Agnes C. Cardin, signed the petition on which the prisoner, her son, was adjudged insane in 1953; therefore she would hardly say she did not know of his mental condition when the criminal case was tried. Too, it should be observed that if the right not to be tried as provided in *Code* § 27-1504 had been asserted and claimed by a plea of insanity as provided in *Code* §§ 27-1501 and 27-1502 and sustained, the accused would have been again sent to Milledgeville State Hospital. Did a desire to avoid being sent there cause the refusal to file the plea?

For all the foregoing reasons, the judgment excepted to is affirmed.

*Judgment affirmed. All the Justices concur.*