42747.   JAMES v. THE STATE.

SUBMITTED MAY 1, 1967—DECIDED JUNE 6, 1967.

*L. M. Wyatt,* for appellant.

*Wright Lipford, Solicitor General,* for appellee.

Bell, Presiding Judge. Motions for new trial based on newly discovered evidence are not favored by the law. *Brown v. State,* 141 Ga. 783 (82 SE 238); *Parks v. State,* 204 Ga. 41 (a) (48 SE2d 837); *McDaniel v. State,* 74 Ga. App. 5 (38 SE2d 697); *Gates v. State,* 84 Ga. App. 367 (66 SE2d 342). However, in cases where the criteria are met, new trials will be granted on this ground. *Code* § 70-204; *Lacewell v. State,* 95 Ga. 346 (3) (22 SE 546); *Joiner v. State,* 17 Ga. App. 726 (2) (88 SE 215). The burden is on the movant to show that the standards have been met. One of these essentials is that both the defendant and his counsel show that the alleged newly discovered evidence could not have been obtained by the exercise of ordinary diligence. *Mills v. State,* 193 Ga. 139, 147 (1) (17 SE2d 719); *Matthews v. Grace,* 199 Ga. 400, 404 (2) (34 SE2d 454). If the alleged newly discovered evidence could have been obtained by the exercise of ordinary diligence, the denial of a new trial is proper. *Arnall v. State,* 14 Ga. App. 472 (81 SE 366); *Stevens v. Calder,* 190 Ga. 745 (10 SE2d 751). The Supreme Court has held that "a new trial will not be granted on the ground of newly discovered testimony, where such testimony is that of the movant's sons, and could have been known and used on the trial if diligence had been used." *Wilkinson v. Smith,* 57 Ga. 609 (2). Among reasons given for affirming a denial of a new trial, this court held that "The 'newly discovered' witness is a brother of the accused, lives with him, and was present at the trial of this case. The judge, in passing on the ground of the motion for a new trial based on this newly discovered evidence, was authorized to find that this evidence would have been discovered before the trial if the defendant or his counsel had exercised proper diligence in the premises." *Bailey v. State,* 36 Ga. App. 129 (135 SE 520). See *Chandler v. Mutual Life &c. Assn.,* 131 Ga. 82 (61 SE 1036). Mere general statements by the defendant and counsel that they did not know of the evidence and could not have discovered it by the exercise of ordinary diligence are insufficient. *Roy v. State,* 140 Ga. 223 (78 SE 846); *Patterson v. Collier,* 77 Ga. 292 (3 SE 119); *Moss v. State,* 44 Ga. App. 244 (161 SE 293).

The grant or denial of a motion for new trial based on newly discovered evidence is largely discretionary with the trial judge. The discretion exercised will not be disturbed in absence of abuse. *Verdery v. Campbell,* 203 Ga. 211 (46 SE2d 66); *Loughridge v. State,* 202 Ga. 129 (42 SE2d 473); *Loomis v. State,* 78 Ga. App. 336 (13) (51 SE2d 33).

Here, neither the affidavit of the defendant nor that of his counsel presented facts showing what diligence each exercised in determining what knowledge of the incident the defendant's daughter possessed. It is not shown that she was questioned by either, although as shown by the defendant's testimony on the trial, he knew that the prosecutor had paid attention to her. Also, as shown by the prosecutor's testimony, the prosecutor claimed to have been with the defendant's wife, daughter and two sons shortly before the altercation. The transcript showed that the altercation occurred near the defendant's home. These combined circumstances are enough to have authorized the trial judge's use of discretion in denying a new trial. In addition, the alleged newly discovered testimony is largely cumulative and impeaching and of itself is not pursuasive that in all probability a different verdict would result if a new trial were granted and the evidence presented. The showing by the movant is not enough to authorize an appellate court to conclude that the trial judge abused his discretion. See the host of cases annotated under *Code* § 70-204, catchword "Result," p. 233 and catchword "Impeaching," p. 221.

*Judgment affirmed. Pannell and Joslin, JJ., concur.*