### 24253. SULLIVAN v. THE STATE.

DUCKWORTH, Chief Justice. The accused was indicted, tried and convicted of murder without a recommendation for mercy. The appeal is from the judgment and sentence and enumerates as error: (1) denial of motions to (a) change the venue and (b) quash the indictment and sustain a plea of abatement upon the ground that the grand and traverse juries were illegally constituted; (2) allowing the county attorney to assist the solicitor general; (3) failure to have the accused examined by a psychiatrist; and (4) allowing an alleged confession in evidence because the constitutional rights of the accused were not properly explained to him. *Held:*

1. A solicitor general may retain counsel to assist him in the

trial of a case. *Vernon v. State,* 146 Ga. 709 (92 SE 76); *Jackson v. State,* 156 Ga. 842 (7) (120 SE 535); *Hannah v. State,* 212 Ga. 313, 315 (92 SE2d 89). Accordingly, the employment of counsel or instruction to the county attorney to assist in the investigation and trial of the case by the county commissioners did not generate bias and prejudice against the accused. There is no merit in this alleged error.

2. The mere taking of a prisoner to another jail in another county by the sheriff upon the hearing of a mere rumor without any basis in fact was insufficient to show evidence to authorize a change in venue, and the court did not err in failing to grant the request.

3. There was no special plea of insanity made at the time of trial but a mere request of counsel that the court have the accused examined by a psychiatrist based on the observation of counsel, hence no error is shown in the failure to have him examined before trial.

4. The court did not err in refusing to quash the indictment and sustain the plea in abatement on the grounds that the selection of both the grand and traverse jurors did not represent a cross section of the population of the county and was not made in accordance with law. *Code Ann.* § 59-106 (Ga. L. 1953, Nov. Sess., pp. 284, 285; 1955, p. 247). While there was some speculation that one of the jurors was not selected from the tax digest, yet the overwhelming evidence was that the jurors were selected in accordance with law so as not to invalidate the jury list as being illegally constituted. See *Davis v. Arthur,* 139 Ga. 74 (76 SE 676); *Reynolds v. Reynolds,* 217 Ga. 234, 263 (13) (123 SE2d 115). None of the errors enumerated on this question is meritorious.

5. Error is assigned on the admission in evidence of an alleged confession after a hearing before the trial judge in which he determined that it had been made freely and voluntarily without hope of reward or fear of bodily harm and after the constitutional rights of the accused had been explained to him including his right to counsel and he had executed a written waiver of same. The errors assigned on the admission of the confession are not meritorious.

6. The evidence supports the verdict and none of the errors enumerated contains merit.

*Judgment affirmed. All the Justices concur.*

Argued September 12, 1967—Decided September 21, 1967—Rehearing denied October 5, 1967.

Richard W. Watkins, Jr., W. B. Mitchell, James G. Hampton, for appellant.

Edward E. McGarity, Solicitor General, Arthur K. Bolton, Attorney General, for appellee.