### 25147. SULLIVAN v. THE STATE.

ARGUED APRIL 15, 1969—DECIDED MAY 8, 1969—
REHEARING DENIED MAY 22, 1969.

*Richard W. Watkins, Jr., W. B. Mitchell,* for appellant.

*Edward E. McGarity, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.

MOBLEY, Justice. This court affirmed the conviction of this appellant of murder (*Sullivan v. State,* 223 Ga. 643 (157 SE2d 247)), which judgment was reversed by the United States Supreme Court (Sullivan v. Georgia, 390 U. S. 410, citing Whitus v. Georgia, 385 U. S. 545 (87 SC 643, 17 LE2d 599)). The defendant was re-indicted for murder, was retried, and was again convicted of murder and sentenced to death. The appeal is from that judgment and sentence.

1. The first enumeration of error alleges that the court erred in denying the defendant's motion to quash the indictment on the ground that he was denied a speedy trial in violation of the Federal and State Constitutions, in that 18 months elapsed between the commission of the crime and his trial, at which he was convicted, from which this appeal was taken.

Both the State and Federal Constitutions guarantee a speedy trial. United States Constitution, Amendment VI (*Code*

§ 1-806) ; Georgia Constitution, Art. I, Sec. I, Par. V (*Code Ann.* § 2-105). The Court of Appeals of this State in *Harris v. State,* 84 Ga. App. 1 (65 SE2d 267), applied this constitutional provision and ordered discharge of the prisoner. In United States v. Fay, 313 F2d 620, 623, cited in the defendant's brief, it is stated that four factors are relevant to a consideration of whether denial of a speedy trial assumes due process proportions: "the length of delay, the reason for the delay, the prejudice to defendant, and waiver by the defendant," with which we agree.

The defendant was first tried on March 15, 1967, within less than three months from the commission of the crime (December 24, 1966). He appealed this conviction to this court, which judgment was affirmed (October 5, 1967). He then appealed to the United States Supreme Court, which reversed this court on March 18, 1968. This court made the judgment of the United States Supreme Court its judgment on April 18, 1968. *Sullivan v. State,* 224 Ga. 249 (161 SE2d 265). More than thirteen months elapsed between the commission of the crime and the judgment of the United States Supreme Court, and more than nine months of that time was consumed by appeals made by the defendant.

After the United States Supreme Court's judgment was made the judgment of this court on April 18, 1968, the defendant's counsel requested that the judge grant him a leave of absence from the June, 1968, term of the court, which the judge granted. Counsel was under orders to report for military duty, which would prevent his trying the case in June. The defendant was then tried at the next term of the court in September, 1968.

It is obvious that any delay in trying the defendant was the result of appeals made by him and absence of his counsel. No purposeful delay on the part of the State is shown, nor any prejudice to the defendant. This ground is without merit.

■ Enumeration of error 2 alleges that due process and equal protection of law under the Fourteenth Amendment of the United States Constitution was denied to the defendant because the court refused to appoint a psychiatrist to examine him. The same question was raised and the same contentions were made and

ruled upon adversely to the defendant in the previous trial of the case; and upon review of the question this court in *Sullivan v. State,* 223 Ga. 643 (3), supra, held that there was no error in the refusal of the trial court to have a psychiatrist examine him. We re-affirm that ruling. The ground is without merit. The United Supreme Court did not reverse any ruling of this court in the former case except those regarding the selection of jurors.

■ Enumeration of error 3 alleges failure of the court to quash the indictment and sustain the plea in abatement on the ground that grand and traverse juries were illegally drawn and composed and were not representative of a cross-section of the citizens of the county, in violation of Art. I, Sec. I, Pars. III, V, and XXV of the Constitution of Georgia (*Code Ann.* §§ 2-103, 2-105, and 2-125), and the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution.

The record does not support that contention. After the reversal of the original conviction of this defendant by the United States Supreme Court (Sullivan v. Georgia, 390 U. S. 410, supra), on the ground that the jury was illegally composed, the jury commissioners compiled an entirely new jury list, grand and traverse. Where the previous list was made up from the tax digest, the new list was drawn from the voters' registration lists, as required by Georgia *Code* § 59-106, which section had twice been amended (Ga. L. 1967, p. 251, and Ga. L. 1968, p. 533) in an effort to meet the objections of the United States Supreme Court in Whitus v. Georgia, 385 U. S. 545, supra, and other cases.

The defendant has the burden of proving the existence of systematic exclusion. Fay v. New York, 332 U. S. 261 (67 SC 1613, 91 LE 2043); Swain v. Alabama, 380 U. S. 202, 226 (85 SC 824, 13 LE2d 759). However, once a prima facie case of racial exclusion is made, the burden shifts to the prosecution. Whitus v. Georgia, 385 U. S. 545, supra.

We find no evidence of discrimination by the jury commissioners in the selection of the jurors. The commission was composed of a woman, as chairman, and two men, one of whom was a Negro. Each of them actively participated in the work, and testified that there was no discrimination against any one or

any class in the selection of the jury. They made no effort to effect a certain percentage of representation of any segment or group in the county. Warren Bush, the Negro on the board, testified that there was no discrimination because of race; that no effort was made to put a certain percentage of whites or Negroes on the list.

A comparison of the facts as to compilation and composition of the jury lists in the Whitus case, supra, with this case reveals: (1) Male population over 21 years of age, in Whitus case, 42% Negro men; in defendant's case, 32.74% Negro men. (2) Percentage of Negroes comprising source from which jurors chosen, Whitus, tax digest, 27.1%; defendant, voters' list, 22%. (3) Negro jurors in Whitus, 9.3% grand jury venire, 7.8% petit jury venire; in defendant's case, 33% grand jury venire, 25% petit jury venire. (4) Negroes in defendant's case comprising the grand jury list, 22%, traverse jury list, 19%; unknown in Whitus. (5) Jury commissioners, in Whitus, all white; in defendant's case 2 white and 1 Negro. (6) Source of jurors, Whitus, tax digest, separated and identified as to race; defendant's case, voters' registration list, fully integrated, with no indication of race.

The uncontradicted evidence of no discrimination and the relative facts and figures above set forth lead to only one conclusion, that the grand and traverse jurors involved in this case were chosen indiscriminately by a fair and impartial board of jury commissioners without regard to color, creed, or race, in an effort to procure a jury list reasonably reflecting a crosssection of the population.

■ Enumeration of error 4 alleges that *Code* § 59-106, as amended (Ga. L. 1967, p. 251; Ga. L. 1968, p. 533), is unconstitutional in that it requires the jury commissioners to compile, maintain, and revise a jury list of "intelligent and upright citizens" to serve as jurors, and the "most experienced, intelligent and upright citizens" to serve as grand jurors, thereby allowing the commissioners to apply purely subjective, vague, and ambiguous standards in jury selection, in violation of the due process and equal protection clauses of the United States Constitution and Art. I, Sec. I, Pars. III, V, and XXV of the Constitution of Georgia.

The question is whether the terms "intelligent and upright" and "most experienced, intelligent and upright" are vague and indefinite to the point that due process and equal protection of the law would be denied.

The Supreme Court of the United States in Brown v. Allen, 344 U. S. 443 (73 SC 397, 97 LE 469), stated that: "Our duty to protect the federal constitutional rights of all does not mean we must or should impose on states our conception of the proper source of jury lists, so long as the source reasonably reflects a cross-section of the population suitable in character and intelligence for that civic duty." P. 474. The Supreme Court there recognized that the cross-section of the population must be suitable in character and intelligence for the duty. In other words, character and intelligence are tests of qualification for jury service.

The Georgia statute, requiring that "intelligent and upright" citizens be selected for jury service, is no more vague and indefinite than the criterion fixed by the Supreme Court. Honest, just, conscientious, scrupulous, and honorable, are synonyms for upright. Webster's Int. Dict. (3d Ed.) p. 2518. The court in using the words "suitable in character" must necessarily have had reference to good character, honest, honorable, or just persons. The court in using the words "suitable . . . in intelligence for that civic duty" meant that they were sufficiently intelligent to serve as jurors.

The terms are not vague and indefinite. It is common knowledge that an upright person is one who is honorable, honest, and will do right as he sees it. An intelligent person is one possessed of ordinary information and reasoning faculty. No particular degree of intelligence is required by this statute. Idiots, morons, and insane persons are not intelligent and would not qualify.

The terms "upright" and "intelligent" are neither vague nor indefinite, and a court or board would have no difficulty in their application. This ground is without merit.

■ Enumeration of error 5 complains of the refusal of the court to grant a motion for change of venue, alleging a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution and Art. I, Sec. I,

■

Pars. III, V, and XXV of the Georgia Constitution. On the previous trial of this case the court, after hearing evidence, denied a motion for change of venue. On the second trial, now under review, the evidence on the motion in the previous trial was stipulated in evidence by agreement of counsel. This court in *Sullivan v. State*, 223 Ga. 643 (2), supra, held that the trial court did not err in denying the request for change of venue. We are of the opinion that the ruling was correct, and adhere to it. This ground is without merit.

■ Enumeration of error 6 alleges that the court erred in admitting the confession of the defendant, on the ground that he was not adequately advised of his right to remain silent, to have counsel present, and to have appointed counsel if he was indigent; and was not afforded an opportunity to obtain counsel, in violation of the Fifth and Sixth Amendments and of the due process clause of the Fourteenth Amendment of the United States Constitution.

In the previous trial of the case the same contention was made, and this court in *Sullivan v. State*, 223 Ga. 643 (5), supra, held that the errors assigned on the admission of the confession were not meritorious. There, as here, the confession was admitted after a hearing before the trial judge in which he determined that it had been freely and voluntarily made, without hope of reward or fear of bodily harm, and after the defendant's constitutional rights had been explained to him, including his right to counsel, and he had executed a written waiver of these rights. The evidence strongly supports the conclusion that the defendant was thoroughly advised of his rights before making his confession and that he made his confession freely and voluntarily. There is no merit in this ground.

■ The seventh enumeration of error alleges that the court erred in denying the motion for new trial. The brief in support simply states that it was error to deny a new trial for the reasons set out in the previous enumerations of error. Since we have ruled adversely to his contentions, we thus conclude that there is no merit in this ground.

*Judgment affirmed. All the Justices concur.*