## 44506. HUGULEY v. THE STATE.

BELL, Presiding Judge. The defendant was convicted of lewdness and public indecency. This case was originally docketed in the Supreme Court as error was assigned on the constitutionality of the criminal statute involved. The Supreme Court decided the constitutional question adversely to the defendant and transferred the remaining enumerations of error from the order denying the motion for new trial to this court. *Huguley v. State,* 225 Ga. 191 (167 SE2d 152).

1. (a) At the onset of the trial, defendant filed a motion requesting that the defendant be examined by a psychiatrist at county expense. The motion was overruled. He alleges that the refusal of the court to grant his motion denied him due process and equal protection of the laws under the Fourteenth Amendment of the United States Constitution. The defendant did not enter a special plea of insanity at the time of trial. He offered no evidence of insanity. The Supreme Court has held that it is not error to deny a request of this nature when a special plea of insanity has not been filed. *Sullivan v. State,* 225 Ga. 301, 303 (168 SE2d 133) reaffirming *Sullivan v. State,* 223 Ga. 643, 644 (157 SE2d 247) ; *Roach v. State,* 221 Ga. 783, 784 (147 SE2d 299).

(b) In his amended motion for a new trial the defendant, and in support of the alleged error discussed above, submitted a letter from a psychiatrist who examined him at his counsel's request on July 19, 1968. The evaluation contains a conclusion by the psychiatrist as follows: "I do not think that this man fully and completely understands the nature of his difficulties nor can he participate adequately enough in his own defense." The letter was dated July 22, 1969, the date of trial. Defendant's counsel contends that this evidence was "unknown" to him at the time of trial as the written report was not received until after the verdict. Counsel for defendant has carefully avoided alluding to this letter as newly discovered evidence but the contention nevertheless amounts to that. Accordingly the defendant and his counsel both must show that the newly discovered evidence could not have been obtained by the exercise of ordinary diligence prior to trial. *Mills v. State,* 193 Ga. 139, 147 (17 SE2d 719); *Johnson v. State,* 196 Ga. 806, 807 (27 SE2d 749); *James v. State,* 115 Ga. App. 822, 823 (156 SE2d 183); *Bishop v. State,* 117 Ga. App. 93 (159 SE2d 477). A mere statement that the evidence was unknown is insufficient to show ordinary diligence to discover the evidence. *Roy v. State,* 140 Ga. 223 (78 SE 846); *Moss v. State,* 44 Ga. App. 244 (161 SE 293); *James v. State,* 115 Ga. App. 822, 823, supra. Defendant relies upon *Cardin v. Harmon,* 217 Ga. 737 (124 SE2d 638) to support his premise that he has made a "proper showing" to entitle the accused to a grant of a new trial. The Supreme Court stated in *Cardin:* "If insanity was known to his counsel, then counsel had a professional, moral, and legal duty to file a plea of insanity as provided by law. If unknown, then it can be raised by a ground of a motion for a new trial by a proper showing." The proper showing for a new trial on newly discovered evidence is sorely lacking in this case. The defendant's counsel caused the accused to be psychiatrically examined 3 days prior to trial, and apparently took no affirmative steps to learn by expeditious means the examining expert's opinion. If the defendant and his counsel had been diligent and discovered the evidence, a plea of insanity could have been asserted under *Code Ann.* §§ 27-1501 and 27-1502, and if sustained, the accused would have been committed to the State mental facility. The record shows a deliberate choice not to exercise this right offered to him by the law.

2. Complaint is made on an excerpt from the court's charge to the jury that the burden is on the State to prove that the act of public indecency was committed at a time and place where other persons could have seen it. The court's charge was a correct statement of the law. *Lockhart v. State,* 116 Ga. 557 (42 SE 787); *Green v. State,* 106 Ga. App. 485 (127 SE2d 383). The judgment denying a new trial by the trial court is

*Affirmed. Eberhardt and Deen, JJ., concur.*

Submitted May 29, 1969—Decided September 2, 1969—Rehearing denied September 22, 1969—

*Howard Moore, Jr., Peter E. Rindskopf,* for appellant.
*John R. Thompson, Solicitor, William B. Morgan,* for appellee.