## 27327. MAYS v. THE STATE.

JORDAN, Justice. The defendant appeals a conviction and sentence of 20 years imprisonment for armed robbery. He allegedly committed the offense on January 15, 1970, and was indicted on February 3, 1970. The trial commenced on September 14, 1971. He asserts error on (1) the denial of a speedy trial, (2) the retroactive application of the bifurcated procedure for determining guilt or innocence and sentence, and (3) the refusal of a new trial. *Held:*

1. In asserting error on the denial of a speedy trial in violation of the Sixth and Fourteenth Amendments the defendant insists that his letter dated February 4, 1971, posted from McAlester, Oklahoma, on February 10, 1971, where he was then an inmate of the Oklahoma State Penitentiary, addressed by name and not position to the individual who is the District Attorney of Fulton Superior Court, citing the Sixth Amendment, and requesting a trial within 60 days or dismissal of the indictment, should have been construed as a demand for trial entitling him to acquittal after two regular court terms had passed without trial.

Under the Georgia statute the defendant may enter a demand at the term at which the indictment is found or

the next regular term, or thereafter by special permission of the court. *Code Ann.* § 27-1901.1. Following the term at which the demand is filed, without trial during the next two terms convened and adjourned, the defendant must be acquitted, if during the two terms there were juries empaneled and qualified to try the defendant and the defendant was present in court announcing ready for trial and requesting trial. *Code Ann.* § 27-1901.2.

The two-month terms of Fulton Superior Court commence in January, March, May, July, September, and November. Assuming without deciding that the letter to the district attorney was a valid demand for trial received at some date subsequent to the postmarked date of February 10, 1971, during the January or later term, the demand was not timely without special permission of the court. There is no showing of any special permission in respect to this letter, or that during either of two applicable terms there were juries empaneled and qualified to try the defendant, or that the defendant was present in court announcing ready for and requesting trial. On the contrary, it affirmatively appears from the pleadings filed by the defendant and the record that the defendant first learned of the indictment on July 7, 1970, while serving a 5-year sentence in the Oklahoma State Penitentiary which commenced June 29, 1970, and that he did nothing to obtain a speedy trial until after he received a letter from the district attorney dated January 26, 1971, informing him that his case would be placed on the calendar in Fulton Superior Court for trial at such time as he was released from custody in Oklahoma and in the custody of the Sheriff of Fulton County. While the record is silent as to when the defendant was first present in court ready for trial and requesting a trial, it does disclose that the trial in September 1971 is within two regular terms of court after the May term, 1971, at which a proper demand for trial was filed with permission of the court. Nothing appears in the record and transcript

to support acquittal under the provisions of the Georgia statute for failure to obtain a speedy trial.

But was there a violation of Sixth Amendment requirements for a speedy trial as applicable to this State under the Fourteenth Amendment? The requirements are the same under the Constitution of Georgia. See Art. I, Sec. I, Pars. III and V (*Code Ann.* §§ 2-103, 2-105). This court has previously stated that four factors are relevant for consideration: length of delay, reason for delay, prejudice to the defendant, waiver by the defendant. *Sullivan v. State,* 225 Ga. 301 (1) (168 SE2d 133). Also, see *Hakala v. State,* 225 Ga. 629 (170 SE2d 406). Giving due consideration to these factors as applied to the facts and circumstances disclosed in the present case, there was no violation of due process in respect to a speedy trial, inasmuch as substantially all of the delay in bringing the defendant to trial appears to be directly or indirectly attributable to the conduct of the defendant. The first enumeration is wholly without merit.

2. The trial judge did not err in following the bifurcated procedure for a trial of guilt or innocence followed by a second trial to determine sentence. *Todd v. State,* 228 Ga. 746 (187 SE2d 831). The second enumeration is without merit.

3. The motion for a new trial is limited to the general grounds. Counsel for the defendant makes no argument and cites no authority to support the grant of a new trial on the general grounds. The third enumeration is without merit.

*Judgment affirmed. All the Justices concur.*
SUBMITTED JULY 11, 1972—DECIDED OCTOBER 10, 1972.

*Lewis R. Slaton, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Frank M. Palmour, Deputy Assistant Attorney General,* for appellee.