## 49754. BOYD v. THE STATE.

BELL, Chief Judge.

1. At the commencement of the defendant's trial on an indictment for aggravated assault, a motion was made by counsel to dismiss the indictment on the ground that defendant had been denied his constitutional right to a speedy trial. The motion was overruled. There are four relevant factors for consideration in deciding whether there has been a violation of the Sixth Amendment requirement for a speedy trial. They are (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. Barker v. Wingo, 407 U. S. 514 (92 SC 2182, 33 LE2d 101); Mays v. State, 229 Ga. 609 (193 SE2d 825). These factors are subject to a balancing test, in which the conduct of both the state and the defendant must be weighed. Barker v. Wingo, supra. (1) The length of delay. The incident which gave rise to this case, a barroom altercation, occurred on July 11, 1972. The trial was on January 9, 1974. Thus from the date of the alleged crime to the date of the trial nearly eighteen months' time had elapsed. He was: arrested on October 14, 1973; indicted on November 20, 1973; and tried on January 9, 1974. The elapsed delay from the date of arrest to the date of trial was approximately three months, which is not ipso facto an inordinate delay. (2) The reason for delay. At the time the motion to dismiss was made the district attorney responded: ". . . the man was a fugitive. There was

another charge against him. He was accused of having killed his brother and he jumped . . . my recollection, without having the file, is he jumped bond on that charge. But at any rate he was not arrested until. . . October 14 of 1973 and he was indicted at the next grand jury after arrest. . . " This explanation made by the district attorney, an officer of the court, stands unchallenged by any other evidence. The record is silent as to when specifically a warrant for defendant's arrest was issued. However, the record does reflect as a result of negotiations between the victim and the defendant that the former on July 21, 1972 signed a letter addressed to the then incumbent district attorney of the Augusta Circuit (since deceased), to the effect that she (the victim) did not wish to appear against the defendant, "so please have the warrant dismissed." From the above it appears that defendant participated in an effort to obtain the victim's nonappearance as a witness against him and thus prevent a trial, and that at some time thereafter he became a fugitive, which leads to the conclusion that at least part of the delay was attributable to the defendant. There is no evidence of any deliberate attempt by the state to delay the trial to hamper the defense. (3) *The defendant's assertion of his right.* The record shows that he never made any demand for trial or otherwise asserted his right to a speedy trial prior to the date he was brought to trial in January, 1974. (4) *Prejudice to the defendant.* The record fails to show any prejudice. Witnesses who were present at the shooting appeared for the defendant in corroboration of his defense. While the testimony of each witness may have been impeached, there is no indication that the impeaching evidence was brought about by the delay in prosecution or by any conduct of the state. There is no showing that defendant's opportunity to defend himself was impaired. The trial court did not err in denying the motion to dismiss.

2. The evidence authorized the verdict of guilty.

3. The other enumerations of error have no merit. *Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED OCTOBER 7, 1974 — DECIDED NOVEMBER 22, 1974.

*Saul, Blount & Avrett, Percy J. Blount,* for appellant.
*Richard E. Allen, District Attorney,* for appellee.