26865. HUGHES v. THE STATE.

594

Submitted December 14, 1971—Decided January 19, 1972—
Rehearing denied February 11, 1972.

*Hester & Hester, Frank B. Hester, Richard M. Hester,*
Pressie Hughes, *pro se,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman,
Carter Goode, Arthur K. Bolton, Attorney General, Harold
N. Hill, Jr., Executive Assistant Attorney General, Courtney
Wilder Stanton, David L. G. King, Jr., Assistant Attorneys
General,* for appellee.

Almand, Chief Justice. The appellant, Pressie Hughes,
was tried by a jury on an indictment which charged him
with three counts of armed robbery. He was convicted and
sentenced to imprisonment for life on each count, the sen-
tences to run concurrently, and he appeals from that judg-
ment.

■ Enumeration of error 1 alleges the denial of appel-
lant's right to a speedy trial in violation of the Constitu-
tions of the United States and Georgia.

This court has stated that generally there are four factors
to be considered in determining whether a failure to pro-
ceed swiftly to trial assumes due process proportions: (a)
the length of delay, (b) the reason for the delay, (c) the
prejudice to the defendant, and (d) waiver by the defendant.
*Johnson v. Smith,* 227 Ga. 611 (182 SE2d 101); *Sullivan v.
State,* 225 Ga. 301 (168 SE2d 133).

(a) The length of delay.—Here, a period of approximately 20 months elapsed between the date of appellant's indictment on November 21, 1969, and the date of his trial on July 27, 1971. During most of this time appellant was confined in the United States Penitentiary in Atlanta as the result of a previous conviction. Whether the delay between indictment and trial violated appellant's constitutional right to a speedy trial depends on the circumstances. The mere passage of time is not enough, without more, to constitute a denial of due process.

(b) The reason for delay.—Appellant's case appeared on the trial calendar of the Fulton County Superior Court approximately 12 times, and was continued each time until eventually he was tried. At each appearance the State was ready to try the case and so announced, and there is no indication whatsoever that any continuances were granted at the request of the prosecution. To the contrary, it is obvious that most of the delay was occasioned by the fact that appellant initially was without counsel, by the appointment of various defense attorneys, of which there were at least five in succession, and by their requests for additional time for preparation. It is also clear that the numerous appointments of defense counsel were necessitated by appellant's disagreements with them as to how to handle his case. Continuances were granted and new counsel appointed until appellant was satisfied to go to trial with his present counsel.

(c) The prejudice to appellant.—Appellant maintains that he was harmed by the delay in that three alibi witnesses died during the 20-month lapse. The contention is that these witnesses saw appellant in Jacksonville, Florida, on the day the robbery was committed in Atlanta and would have so testified. This contention, if true, shows no substantial prejudice to appellant, for the testimony of the deceased witnesses would have been merely cumulative. Appellant testified as follows at the trial: "Q. Did you happen to see any of your relatives that day? A. Yes. Q. How many of them? A. My mother, my father, my sister, my

neighbors. The ones I introduced to the court. All of those. Q. All right. Are all of those people dead? A. No." Assuming this testimony to be accurate, these relatives and neighbors could have given the same testimony as the deceased witnesses.

(d) Waiver by appellant.—During the lengthy period from indictment to trial, the first indication by appellant that he wished to proceed to trial came on June 29, 1971, when he filed pro se a "Motion to quash indictment and dismiss all charges" in which he gave as one of the reasons for the motion that he had been denied a speedy trial. During the same period several continuances were granted at the request of appellant's attorneys while he was present in court. We regard appellant's failure to demand trial during the first 19 months after his indictment, and his failure to object when continuances were granted, as a clear waiver of the right to a speedy trial during those 19 months.

"To sustain the prisoner's contention that there was a violation of his constitutional right to a speedy trial, not only must delay be shown, but that such delay was purposeful, oppressive, or prejudicial, none of which was shown in this case. See Sanders v. United States, 416 F2d 194, 196 (cert. denied, 397 U. S. 952)." *Johnson v. Smith,* 227 Ga. 611, 612, supra.

■ Enumeration of error number 2 alleges the denial of appellant's right to the effective assistance of counsel in violation of the Constitutions of the United States and Georgia.

As previously noted, at least five attorneys were appointed during the pendency of this case to represent appellant. The first was the public defender, but he was quickly replaced by Wendell Helton, a private attorney. Disagreements with appellant as to how to plead resulted in Helton's withdrawal from the case. He was replaced by Glenn Zell, who was replaced by Theodore Smith. These attorneys were at one time jointly involved in the case, but again disagreements with appellant led to their dismissal.

Finally, Frank B. Hester was appointed and represented appellant at the trial of his case and on appeal. There is no showing that any of appellant's various counsel were incompetent to advise him or to represent him, and the fact that he consistently refused to accept their advice does not render their assistance ineffective.

In a supplemental brief filed pro se, appellant further alleges that he was denied effective representation in that he was arraigned without counsel. We do not consider the constitutional merits of this claim, because the record shows that, to the contrary, appellant waived formal arraignment and entered a plea of not guilty, and that at the time he was represented by Frank B. Hester.

■ Appellant enumerates as error number 3 the trial court's denial of his request for travel expenses for certain out-of-state alibi witnesses, on the ground that this denied him due process as contemplated by the Federal and State Constitutions.

*Code* § 38-801 (d) provides for the payment to witnesses of per diem and mileage fees of $4.00 per day and 8 cents per mile, but it is inapplicable for the reason that such payments need not be tendered prior to the attendance of such witnesses.

Art. I, Sec. I, Par. V of the Constitution of 1945 (*Code Ann.* § 2-105) provides that every defendant in a criminal case shall have compulsory process to obtain the testimony of his own witnesses, but such provision is of no benefit when the witnesses reside beyond the jurisdiction of the courts of this State. Even if appellant could have invoked this provision, we have held that it does "not contemplate that the public shall bear the expense of bringing witnesses into court." *Neal v. Smith,* 226 Ga. 96 (6) (172 SE2d 684). See also *Roberts v. State,* 94 Ga. 66 (21 SE 132), and compare *Ward v. Smith,* 228 Ga. 137 (184 SE2d 592).

■ Appellant enumerates as error number 4 the trial court's refusal to strike certain testimony relating to four photographs, on the ground that this denied him due pro-

cess of law under the Federal and State Constitutions.

During the course of the trial, Q. V. Williamson, the victim of the robbery, was shown a series of photographs, including one of appellant. He testified that four of the photographs looked like "mug shots" which police officers had shown him; that shortly after the robbery he had identified appellant's photograph as being that of one of the robbers; and that he was still sure of the identification. Appellant's counsel moved to strike this testimony on the ground that the photographs were not introduced into evidence.

Regardless of whether the photographs should have been offered as evidence, such testimony was not harmful for the reason that Williamson positively identified appellant at the trial, as follows: "Q. Now Mr. Williams, is there any doubt in your mind today that this man, Pressie Hughes sitting in the courtroom here and on trial, is one of the people who robbed you? A. I don't have a shadow of a doubt he's the one that came to my door and put that .45 in my face."

This positive, in-court identification was competent evidence, regardless of the testimony concerning the photographs, and the motion to strike such testimony was properly denied. *Boyers v. State*, 198 Ga. 838 (33 SE2d 251).

*Judgment affirmed. All the Justices concur.*