## 49450. SANDERS v. THE STATE.

EBERHARDT, Presiding Judge.

The defendant was arrested on May 4, 1972 for his role in a bank robbery in Riverdale, Georgia. He was charged in the United States District Court for the Northern District of Georgia with the offense of extortion of funds from a bank. On August 4, 1972, he was found guilty, in accordance with his plea, and sentenced to serve 10 years imprisonment. He began serving that sentence on that date in the Federal Penitentiary in Atlanta, Georgia. No action was taken to prosecute defendant in state court until May, 1973 when the May Term grand jury of Clayton County, Georgia returned two indictments against him; one for burglary with intent to commit the felony of kidnapping, and criminal damage to property, and one for motor vehicle theft.

On October 24, 1973, defendant moved to dismiss the state charges against him on the ground that he was denied his right to a speedy trial in violation of the Sixth Amendment. This motion was denied. At the trial on January 28, 1974, defendant was found guilty by a jury of both charges and sentenced to serve 10 years

consecutively to his federal sentence.

After his federal conviction and while serving in the federal penitentiary, defendant asserts that he wrote a letter to the Clayton County District Attorney on September 28, 1972, demanding a speedy trial of the state charges, and that on December 15, 1972 his attorney wrote a letter to the district attorney asking the latter to dispose of the pending charges. However, neither of these letters was made a part of the record and they are not before this court except as exhibits to the brief of counsel.

Defendant moves to transfer the appeal to the Supreme Court, and enumerates two errors on appeal: (1) the denial of his motion to dismiss the indictment for lack of speedy trial, and (2) the admission into evidence in his state court trial of his plea of guilty in federal court. *Held:*

1. Having failed to raise a constitutional question, defendant's motion to transfer to the Supreme Court is denied.

2. Defendant's reliance on Code § 27-1901, which provides for acquittal of pending charges when not tried, following a proper demand for trial, within the term or next succeeding term, is not supported by the record in that the record does not disclose that appellant demanded trial. The trial court found "that defendant's purported letter requesting speedy trial has not been received, docketed or found in the Clerk's Office; the District Attorney's Office, or in either of the offices of Judges, Superior Courts, nor has it been found anywhere. Neither has a demand of any type been communicated to any officer or Clerk of the Court." Nor were the letters included in the record sent up on appeal.

"This court is a court for the correction of errors and its decision must be made on the record sent to this court by the clerk of the court below and not upon the briefs of counsel." *Jenkins v. Board of Zoning Appeals of City of Columbus*, 122 Ga. App. 412 (177 SE2d 204). See *Meltzer v. C. Buck LeCraw & Co.*, 225 Ga. 91 (166 SE2d 88); *McRoy v. State*, 131 Ga. App. 307 (1) (205 SE2d 445); *Airport Associates v. Audioptic Instructional Devices, Inc.*, 125 Ga. App. 325 (187 SE2d 567).

Nevertheless, we examine the record to determine

whether the defendant was denied his right to a speedy trial. See *Mays v. State,* 229 Ga. 609 (193 SE2d 825). Demand for trial under Code § 27-1901 is not the only guarantee that defendant has for a speedy trial. *Blevins v. State,* 113 Ga. App. 413 (148 SE2d 192); Barker v. Wingo, 407 U. S. 514, 522 (3) (92 SC 2182, 33 LE2d 101).

While the burden is on defendant to protect his statutory rights for a speedy trial, by making a timely demand for trial under § 27-1901, his failure in doing so does not, of itself, work a waiver of Sixth Amendment rights.

The Sixth Amendment of the U. S. Constitution (Code § 1-806) is an independent guaranty of this right, and defendant's assertion or failure to assert his statutory right is simply one of the factors to be considered in determining whether the Sixth Amendment right has been impinged. See e.g., *Reid v. State,* 116 Ga. App. 640 (158 SE2d 461).

There are four factors for consideration in determining whether there has been a violation of Sixth Amendment requirements for a speedy trial: (a) length of delay, (b) the reason for the delay, (c) the defendant's assertion of his rights, and (d) prejudice to the defendant. Barker v. Wingo, 407 U. S. 514, supra, p. 530; *Hughes v. State,* 228 Ga. 593 (187 SE2d 135); *Johnson v. Smith,* 227 Ga. 611 (182 SE2d 101); *Sullivan v. State,* 225 Ga. 301 (168 SE2d 133).

(a) *Length of delay.*— Unless the defendant has been held in custody by the state the relevant period of time is that between the indictment or institution of prosecution by information, etc. and the trial, — not the pre-indictment delay. United States v. Marion, 404 U. S. 307 (92 SC 455, 30 LE2d 468); United States v. Durham, 413 F2d 1003 (5th Cir., 1969); Harlow v. United States, 301 F2d 361 (5th Cir., 1962). See e.g., *Hughes v. State,* 228 Ga. 593, supra. Here although the defendant was arrested May 4, 1972, he was shortly delivered to the federal authorities and was not then held in custody by the state. The period of time between indictment of defendant (May, 1973) and his trial (January, 1974) was eight months. "The mere passage of time is not enough, without more, to constitute a denial of due process."

*Hughes v. State,* 228 Ga. 593, supra. See *Clyatt v. State,* 126 Ga. App. 779 (2) (192 SE2d 417). Appellant fails to show that the delay was purposeful on the part of the state or that he was harmed by the loss of evidence, etc.

(b) *Reason for delay.*— It appears that a change in the district attorney's office was imminent, and that this may have caused some post-indictment delay. But it also appears that between the date of defendant's motion (October, 1973) and the date of the trial the prosecution was preparing and arranging for the attendance of witnesses. The delay does not appear to have been "purposeful" or "oppressive" or unreasonable. See *Johnson v. Smith,* 227 Ga. 611, supra; *Sullivan v. State,* 225 Ga. 301, supra.

(c) *Defendant's assertion of his rights.*— The only evidence, of record, of objection to delay, or assertion of his right to a speedy trial, was defendant's motion to dismiss on October 25, 1973. He was tried within a reasonable time thereafter.

(d) *Prejudice to appellant.*— The interests of an accused protected by the right to speedy trial were set forth in Barker v. Wingo, supra, p. 532: "(i) to prevent oppressive pre-trial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." There was no oppressive pre-trial incarceration by the state, and since defendant was already in the United States Penitentiary the entire period of post-indictment delay, there was no prejudicial post-trial incarceration by the state. While defendant may have been anxious and concerned, we find the delay not to have been unreasonable. He was confronted with the completion of a ten-year federal sentence, and since the state sentence was made consecutive to the federal sentence, he could not have been prejudiced by any lengthening of the sentence. Most importantly, we find no impairment of his ability to defend himself at trial. A careful reading of the transcript reveals no claim of absence of defense witnesses or rebuttal testimony (there were none offered) nor does the record reveal a loss of memory, or "prompted" testimony, or contradictions in prosecution's witnesses such as we find in the case of United States v.

Dillon, 183 FSupp. 541, cited by defendant. The state's evidence was overwhelming in spite of a strong defense effort. The holding in *Hall v. State,* 131 Ga. App. 786 (206 SE2d 644) does not require a different result here.

3. The second enumeration, not being supported in defendant's brief, is deemed abandoned. *Andrew v. State,* 229 Ga. 388 (191 SE2d 841); *Carter v. East Lake No. 2, Inc.,* 120 Ga. App. 312 (170 SE2d 303).

*Judgment affirmed. Deen and Stolz, JJ., concur.*

ARGUED MAY 29, 1974 — DECIDED SEPTEMBER 9, 1974.

*Gaines C. Granade,* for appellant.
*William H. Ison, District Attorney, Robert E. Keller, Assistant District Attorney,* for appellee.