## 29383. TREADWELL v. THE STATE.

UNDERCOFLER, Presiding Justice.

Harold Thomas Treadwell was arrested on March 11, 1972, and charged with the offense of armed robbery and another felony. He was tried and convicted of the other felony and sentenced to serve seven years in the penitentiary. He has never demanded trial on the armed robbery charge because he alleges that he was informed by his appointed attorney that the charge had been dropped and did not know otherwise until he was notified that he was to be brought to trial on July 8, 1974. He filed a plea in bar in which he contended that his right to a speedy trial had been denied him under the Sixth and

Fourteenth Amendments of the United States Constitution (Code §§ 1-806, 1-815) and prayed that the armed robbery indictment be dismissed. The plea in bar was overruled by the trial court. The defendant was subsequently convicted and sentenced to serve twelve years in the penitentiary to run consecutive to his previous sentence. He enumerates as error the overruling of the plea in bar.

The defendant admits that he has not demanded a trial under the provisions of Code Ann. § 27-1901.1 (Ga. L. 1952, pp. 299, 300) because he asserts that his appointed attorney had informed him that the charge of armed robbery had been "dropped."

The defendant was arrested in March, 1972, and was notified that he would be tried on July 8, 1974 (a period of about 27 months). A motion for continuance was made by him which was granted by the trial court. The defendant was tried on August 13, 1974.

In Barker v. Wingo, 407 U. S. 514 (92 SC 2182, 33 LE2d 101), the Supreme Court of the United States identified four factors which it stated the court should weigh in balancing the conduct of the prosecution and the defendant on the issue of the denial of the constitutional right to a speedy trial. These four factors are: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant.

(1) No doubt but 27 months is a long period to delay the prosecution of a case.

(2) The record before us is silent on the reasons for the delay. It does not show that the state deliberately attempted to delay the trial in order to hamper the defense, nor does it show a more neutral reason for the delay such as negligence or overcrowded courts, nor a valid reason such as a missing witness. Barker v. Wingo, supra.

(3) The defendant admits that he did not assert his right to demand a speedy trial but seeks to excuse his failure to demand trial because his appointed attorney allegedly informed him that the charges had been dropped. In Barker v. Wingo, supra, the court rejected the rule that a defendant who fails to demand a speedy trial forever waives his right. There the court held that the

trial court could exercise a judicial discretion based on the circumstances including due consideration of an applicable formal procedural rule. Barker held that although the primary burden is on the court and the prosecutors to assure that cases are brought to trial, a defendant has some responsibility to assert a speedy trial claim. In the Barker case the fact that Barker was prejudiced to some extent by living for over four years under a cloud of suspicion and anxiety was considered to be overshadowed by the fact that Barker himself was not anxious to go to trial. The same situation exists here, the defendant was not anxious to go to trial and took his chances on the alleged "dropped" charge statement. It does not appear that his defense was prejudiced in any way. *Underhill v. State,* 129 Ga. App. 65 (198 SE2d 703).

(4) The fourth factor to be considered in the balance test under Barker is prejudice to the defendant. Prejudice should be assessed in the light of the interests of the defendant which the right to speedy trial was designed to protect. Three such interests identified by the court in Barker are: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.

The defendant in this case was incarcerated for another offense and therefore the oppressive pretrial incarceration interest did not apply to him. Since he alleges that his attorney informed him that the charges had been dropped, he did not suffer anxiety. Lastly, he does not contend that his defense was impaired in any way.

When the factors established in the Barker case are balanced here, we cannot hold that the judicial discretion of the trial court was abused.

The defendant argues, however, that this case is controlled by Strunk v. United States, 412 U. S. 434 (93 SC 2260, 37 LE2d 56); Moore v. Arizona, 414 U. S. 25 (94 SC 188, 38 LE2d 183); and *Hall v. State,* 131 Ga. App. 786 (206 SE2d 644). We do not agree. In the Strunk case the question of whether the defendant was denied a speedy trial was not before the court for review. The only question considered by the court in that case was the propriety of

the remedy fashioned by the Court of Appeals for denial of a speedy trial. In the Moore and *Hall* cases, specific demands for trial were made.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who dissent. Hill, J., not participating.*

SUBMITTED NOVEMBER 15, 1974 — DECIDED JANUARY 9, 1975.

*Archie L. Gleason,* for appellant.

*Richard E. Allen, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.

INGRAM, Justice, dissenting.

As pointed out by the majority, Barker v. Wingo, 407 U. S. 514 (1971) presents a four-factor balancing test in considering the merits of each case where an assertion of denial of the right to a speedy trial has been made. The second factor in this balancing test is a consideration of the reasons given by the state for the delay. In the present case, there was a delay of 27 months and the majority opinion concedes that no reasons were given by the state for this long delay.

The majority rely heavily on the fact that appellant did not make a demand for a speedy trial. The majority concludes that appellant had some responsibility to pursue his case and bring it to trial, although not as heavy a burden in that regard as the prosecution. See Dickey v. Florida, 398 U. S. 30, 37 (90 SC 1564, 26 LE2d 26) (1970). However, as appellant states, he was unaware that the charges against him were in existence. Appellant argues he was informed that the charges in question had been dropped. The majority's inference that he was not anxious to go to trial and "took his chances" are not evident from the record. The presumption of waiver of a fundamental right from inaction is inconsistent with the Supreme Court's pronouncements on waiver of constitutional rights. Barker v. Wingo, supra, p. 525.

I believe that in concluding the appellant was not prejudiced in any way, the majority has overlooked the inherent prejudice which accompanies any long delay, not

only in anxiety and uncertainty on the part of a defendant, but, as in this case, where the defendant claims in good faith that he was unaware the charges were still pending against him, there is an obvious handicap in preparing a defense using witnesses who are now unavailable or whose memories have faded with the elapse of time.

*Hall v. State*, 131 Ga. App. 786 (206 SE2d 644) (1974) is a similar case in which the appellant there had also been incarcerated throughout the delay. In that case the court stated that, "when the right to speedy trial is at stake, it may be equally realistic and necessary to assume prejudice once the accused shows that he was denied a rapid prosecution." p. 788 (quoting from the concurring opinion of Justices Brennan and Marshall in Dickey v. Florida, supra, p. 55). The majority opinion distinguishes *Hall* on the basis of a demand made for a speedy trial. However, under the undisputed facts of this case, a demand could not reasonably be expected when the charges were unknown to the appellant.

In United States v. Mann, 291 FSupp. 268, 271 (SD N. Y.) (1968), the court states: "Where delay is as long and as groundless as that revealed here, prejudice may fairly be presumed simply because everyone knows that memories fade, evidence is lost, and the burden of anxiety upon any criminal defendant increases with the passing months and years [Cits.]"

In conclusion, where a balancing test is to be used, it is incumbent upon the prosecution to show some reason for excessive delay, and in the absence of any reasons, once the delay is shown, it is impossible to weigh the factors in favor of the prosecution. Assuming, as the Supreme Court stated in Barker, supra, that no one of the four above mentioned factors is a necessary or sufficient condition to the finding of a deprivation of the right to speedy trial, the inescapable result of considering the facts of this case is that defendant has suffered a deprivation of his rights under the plain provisions of the Georgia Constitution, Art. I, Sec. I, Par. V (Code Ann. § 2-105). A good discussion of the present statutory and decisional law in Georgia in contrast with the A. B. A. minimum standards, can be found in a Comparative

Analysis of American Bar Association Standards for Criminal Justice with Georgia Laws, Rules and Legal Practice (May, 1974). In my opinion, we are deficient in Georgia in our implementation of the speedy trial provision of our own Constitution. This case illustrates it because a delay of 27 months without any good reason is too long. Therefore, I respectfully dissent.

I am authorized to state that Justice Gunter concurs in this dissent.