## 30230. TREADWELL v. HOPPER.

INGRAM, Justice.

In this habeas corpus appeal from Tattnall Superior Court, appellant contends he was denied a speedy trial and that he was convicted and sentenced on an armed

robbery indictment on which there had been entered a nolle prosequi.

The speedy trial issue was addressed by this court when appellant's conviction for armed robbery was here on direct appeal. A majority of the court decided appellant had not been denied a speedy trial. *Treadwell v. State,* 233 Ga. 468 (211 SE2d 760) (1975). After an appellate review, the same issues will not be reviewed again on habeas corpus. *Elrod v. Ault,* 231 Ga. 750 (204 SE2d 176) (1974).

The habeas trial judge found as a matter of fact that there had not been a nolle prosequi of the indictment for armed robbery. Appellant claims that the lawyer who first represented him and the former district attorney in Richmond County, who is now deceased, both told him the armed robbery indictment would be dismissed as a part of a plea bargain relating to another offense. Appellant pleaded guilty to that offense but his sentence for it was subsequently vacated by the present habeas trial judge in an earlier habeas corpus proceeding filed by appellant. Thereafter, appellant was resentenced in Richmond Superior Court for that offense after he and his new attorney entered into a new plea bargain with a successor district attorney. Appellant was subsequently tried and convicted on the armed robbery charge by a jury in Richmond Superior Court.

At the hearing in the present habeas proceeding, appellant could produce no documentary evidence that there had been a nolle prosequi of the armed robbery indictment. Appellant also admitted on cross examination that he had received a letter from the Superior Court Judge in Richmond County who presided at the trial and that the judge could find no record the armed robbery indictment had ever been nolle prosequi.

A copy of the armed robbery indictment is attached as an exhibit to the transcript in this case. It shows appellant and the attorney who represented him at the trial signed a plea of not guilty on the back of the indictment and it contains no entry of a nolle prosequi. Under these circumstances, appellant has failed to establish his allegation that there had been a nolle prosequi of the armed robbery indictment. See *White v. State,* 230 Ga. 327, 339 (196 SE2d 849) (1973). The habeas trial

court did not err in remanding appellant to the custody of the warden.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 15, 1975 — DECIDED SEPTEMBER 23, 1975.

Harold T. Treadwell, *pro se.*

*Arthur K. Bolton,* Attorney General, *Harrison Kohler,* for appellee.