## 51460. THE STATE v. KING et al.

EVANS, Judge.

Defendants were indicted for criminal attempt to steal a motor vehicle on February 7, 1973, indictment was returned at the May term, 1973, defendants were arraigned on May 13, 1973, and pleaded not guilty. Thereafter defendants were out on bond but no effort was made to bring defendants to trial. Defendants did not make a written demand for trial.

After 27 months' delay, defendants filed their plea in bar and alleged they had been denied due process under the 6th and 14th Amendments to the Constitution of the United States; and prayed that the cases against them be dismissed. Their motion was granted and the state appeals. *Held:*

1. No written request for trial is necessary. In *Blevins v. State,* 113 Ga. App. 413 (148 SE2d 192) and at page 416, the Court of Appeals, speaking through Judge Hall, addressed itself to the question of whether a written demand for trial is the only remedy for a defendant charged with crime to use in order to seek his release because he has not been given a speedy trial as guaranteed by the Federal and State Constitutions. Code

Ann. §§ 2-105, 1-806, 1-815. At page 416 this court holds: "The right of a defendant in Georgia to a speedy trial in a capital case is recognized and implemented by the statute providing for a demand for trial and for an acquittal if the defendant is not tried within the time provided after the demand. Code Ann. §§ 27-1901.1, 27-1901.2, supra. The statute makes the demand for trial one device, but not the only one, by which the defendant can assert his right to a speedy trial. When the defendant does not demand trial in accordance with the statute, or the trial judge does not grant him special permission to file a demand after the time for filing as a matter of right has passed, the defendant is not without remedy. The right to a speedy trial has been recognized by other statutory provisions for a hundred years. Code §§ 27-2001, 27-2002. If the defendant believes the State has delayed beyond a reasonable time in bringing him to trial, *he can make a motion that he be tried, or that the indictment be dismissed for want of prosecution,* and call upon the court to apply Code § 27-2001 and deny the State a continuance unless it shows sufficient cause for it." (Emphasis supplied.) Also, holding to the same effect, see *Sanders v. State,* 132 Ga. App. 580 (208 SE2d 597) and at top of page 582. In that case, however, the *defendant was relying solely on his written demand* for trial and did not seek relief under the other methods pointed out therein.

Nothing contrary to the two above decisions by this court is found in *Hughes v. State,* 228 Ga. 593 (187 SE2d 135). A written request was not even discussed. It is held that the case had appeared on the trial calendar twelve times and each time the prosecutor was ready but a continuance was granted because of some action or failure of action by the defendant.

In *Treadwell v. State,* 233 Ga. 468, 469 (211 SE2d 760), the Supreme Court of Georgia quotes approvingly from the case of Barker v. Wingo, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) and states: "In Barker v. Wingo, supra, the court rejected the rule that a defendant who fails to demand a speedy trial forever waives his right [to a speedy trial]." Also at page 469 it spells out the four factors to consider where a speedy trial has not been had as follows: 1. Length of delay. 2. The reason for the delay.

3. The defendant's assertion of his right. 4. Prejudice to the defendant.

2. The basis of the court's decision to dismiss the case against defendant was that the length of the delay was inexcusable and no reasonable explanation was offered by the district attorney, who stated in his place, that the material witness (prosecutor) was at all times available, but because of the heavy caseload in his office, the case was not brought to trial.

3. Defendants asserted that it had been 27 months since they were arrested and 24 months since they were indicted. There was no denial of these assertions. Defendants also asserted that they had been notified by the state to appear for arraignment on May 13, 1975, which they did, and thereafter they were notified by the state to appear before the superior court on May 27, 1975, "to stand trial" for the offenses charged in the indictment, but at that time and place they were not tried. It does not appear that the state made any showing as to its action in notifying them to appear on May 27, 1975, and in then failing to try them.

4. As to the four factors which the U. S. Supreme Court has said must be considered, we take them up in order.

(1) The length of delay was 27 months since date of arrest and 24 months since date of indictment. This is ample from the standpoint of the defendants, that is, too long to amount to a "speedy trial."

(2) The only reason for the delay advanced by the state was the "heavy caseload," but it was not shown whether these cases were more recent than the cases against defendants, or whether they were older cases. If the cases were more recent, obviously this affords no excuse to the state; if they were older, then it causes one to wonder how many years or decades it may be before the state will be ready to try them. The state admitted its witness was available at all times.

(3) As to defendants' assertion of their right to a trial, this they did in their present motion in bar.

(4) As to prejudice to the defendants, they pleaded not guilty and obviously they expected a verdict of "not guilty." But how many years must they stand under the

cloud of an indictment charging an offense involving moral turpitude before the doors of the court are thrown open to them, and they are given the opportunity of removing this smear that stands against their names. Suppose one or both had died, while waiting for trial, then he would have gone to the grave under this cloud upon his name and his character and his family would have forever suffered. This is a little similar to the piece of paper someone recently found by accident, which shows that the citizenship of the incomparable General Robert E. Lee should have been restored to him during his lifetime; but, he has lain in the grave for more than one hundred years before the slow-moving government has gotten around to trying him and finding him not guilty. Of considerable significance in this case is the fact that the defendants were made to come to court on May 27, 1975, for trial; and then they were not tried, and no excuse is shown as to why they were told by the state to appear on that day for trial. It is inconvenient to leave one's work and go to court.

Thus, each and all of the four factors which the U. S. Supreme Court says should be considered (balanced) have been considered and the trial judge correctly held that these two defendants had been denied their constitutional right to a speedy trial.

5. It is noted that counsel for appellee has not filed a brief in this case, nor does it appear that the trial court has relieved him of representing the defendants. We do not commend the abandonment by an attorney of his client, and leave it to the client to represent himself in the appellate courts. The defendants (not their counsel of record) have succeeded in this appeal, without the assistance of counsel to which they were entitled.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED OCTOBER 30, 1975 — DECIDED NOVEMBER 21, 1975 — REHEARING DENIED DECEMBER 9, 1975 —

*Richard E. Allen, District Attorney, Sam B. Sibley, Jr., Assistant District Attorney,* for appellant.
*Albert G. Ingram,* for appellees.