## 51741. THE STATE v. FIELDS.

MARSHALL, Judge.

The issue in this appeal is whether the appellee was denied his constitutional right to a speedy trial.

On January 22, 1973, appellee allegedly escaped from the Richmond County Correctional Institute, where he was serving a 10-year sentence for robbery. In March, 1973, he was indicted for the offense of escape. In May, 1973, he was apprehended in Indiana and extradited to this state where he was incarcerated in the State Prison at Reidsville to continue serving his robbery sentence. In May, 1975, he was brought from Reidsville to Richmond County to be tried. At that time he waived arraignment, a copy of the indictment and list of witnesses and entered a plea of not guilty.

In June, 1975, on motion from appellee's counsel, the trial judge dismissed the indictment, stating in his order, "I find as a fact that the defendant's Constitutional rights were infringed by his denial of a trial as guaranteed to him under Article VI of the U. S. Constitution, the State having had continuous jurisdiction of and actual custody of the defendant for more than two years, without bringing the case to trial or even notifying him of the existence of the indictment, and the rights of the accused were therefore necessarily prejudiced thereby." The state appeals. *Held:*

There is in the record a letter from the appellee's attorney to the district attorney dated June 6, 1973, which states, inter alia, "We hope that you are *not* going to prosecute him, but if you're going to do so, please let me know so I can file a demand for trial at the earliest possible time." The trial court did not refer to this letter in his order, but it is clear that he did not consider it a demand for trial under Code § 27-1901. We do not disturb this implied finding.

Since the trial court based its finding of denial of speedy trial on constitutional grounds, we examine the criteria established by the cases in reviewing that finding. The four factors set forth in Barker v. Wingo, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) in determining whether there has been a violation of Sixth Amendment requirements for a speedy trial are: (a) length of delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) prejudice to the defendant. It is necessary for the trial court to consider and weigh each of the factors in determining the speedy trial issue. See *Hall v. Hopper,* 234 Ga. 625 (1) (216 SE2d 839); *Treadwell v. State,* 233 Ga. 468 (211 SE2d 760); *Sanders v. State,* 132 Ga. App. 580 (2) (208 SE2d 597).

(a) Length of delay. There is no question that trying a case two years after the defendant's arrest and indictment is not "speedy." However, "[t]he mere passage of time is not enough, without more, to constitute a denial of due process." *Hughes v. State,* 228 Ga. 593, 595 (187 SE2d 135); *Sanders v. State,* 132 Ga. App. 580, 582, supra.

(b) Reasons for delay. The only reason offered by the district attorney for the delay was a large caseload and priority given to other cases. As stated in Barker v. Wingo, supra, at p. 531, such reason ("negligence or overcrowded courts") should be "weighed less heavily" against the government than deliberate delay for the purpose of hampering the defense. See also Strunk v. United States, 412 U. S. 434 (93 SC 2260, 37 LE2d 56). There does not appear to be any purposeful or oppressive delay by the state in this case. See *Treadwell v. State,* supra; *Johnson v. Smith,* 227 Ga. 611 (1) (182 SE2d 101); *Sullivan v. State,* 225 Ga. 301 (168 SE2d 133).

(c) Defendant's assertion of his right. As indicated

above, the trial court did not consider the June 6, 1973, letter to be a demand for trial. The district attorney stated that his office never received it. Furthermore, for the next 23 months, neither appellee nor his counsel demanded trial. Nevertheless, it is the responsibility of the state, not the defendant to assure a case is promptly brought to trial. Barker v. Wingo, supra, p. 525; Smith v. Hooey, 393 U. S. 374. Because the appellee apparently did not know of the pending indictment for escape, we must consider his lack of demand a neutral factor.

(d) Prejudice to the defendant. "Regarding prejudice to the defendant, the court [in Barker v. Wingo] identified three interests to be served by the speedy trial requirement: (1) to prevent oppressive pre-trial incarceration, (2) to minimize anxiety and concern of the accused, and (3) most importantly, to limit the possibility that the defense will be impaired." *Hall v. Hopper,* 234 Ga. 625, 626, supra. None of these factors weighed in the favor of the appellee here. During the two-year period awaiting trial, the appellee was incarcerated in Reidsville, *not* because of the pending trial for escape, but to serve the remainder of his robbery sentence. See *Treadwell v. State,* 233 Ga. 468, 470, supra; *Sanders v. State,* 132 Ga. App. 580, 583, supra. His incarceration for another offense cannot be considered "oppressive." We agree that incarceration for a separate offense during the pending of trial does not, ipso facto, show that the delay was unoppressive. See *Hall v. State,* 131 Ga. App. 786 (206 SE2d 644) and Smith v. Hooey, 393 U. S. 374, supra, but it may where no anxiety or prejudice is shown. It is apparent that appellee suffered no anxiety because of the 2-year delay as he had no knowledge of the pending indictment. See *Treadwell v. State,* 233 Ga. 468, 470, supra; *State v. Weeks,* 136 Ga. App. 637 (2[4]), where the defendant in both cases believed the charges had been dropped. *Hall v. State,* 131 Ga. App. 786, supra, is distinguishable for this reason, and because there a specific demand was found. Most importantly, appellee has not shown that the delay may have impaired his ability to defend against the charge. There is no showing of an absence of witnesses or loss of memory or any impairment. See *Hall v. Hopper,* 234 Ga. 625, 627, supra; *Sanders v. State,* 132 Ga. App.

580 (2d), supra.

Appellee contends that if he had been tried immediately for escape he could have been serving that sentence concurrently with his robbery sentence and that he would not have lost "good time" because of the escape. Both assertions were unsupported speculation and do not show harm or prejudice. Nor are we prepared to *assume* harm or prejudice by the mere passage of time as suggested in *Hall v. State,* 131 Ga. App. 786, 789, supra, and the dissenting opinion of *Treadwell v. State,* 233 Ga. 468, 471, supra, as the prevailing view is reflected in the majority opinion in *Treadwell* and in the other cases cited above, that the showing of *actual* prejudice is one of the factors to consider in deciding a speedy trial question. This ruling we feel is consonant with Moore v. Arizona, 414 U. S. 25 (94 SC 188, 38 LE2d 183) wherein the Supreme Court eschewed the state court's *exclusive reliance* on the absence of any showing of prejudice in the defense of his case, in finding that there was no denial of speedy trial.

Weighing all of the factors, we conclude that the lengthy delay, not shown to be purposeful and not shown to have prejudiced the defendant in any way was not a denial of the defendant's Sixth Amendment right to a speedy trial.

*Judgment reversed. Pannell, P. J., concurs. Evans, J., concurs specially.*

SUBMITTED JANUARY 9, 1976 — DECIDED FEBRUARY 18, 1976.

*Richard E. Allen, District Attorney,* for appellant.
*Grace W. Thomas,* for appellee.

EVANS, Judge, concurring specially.

In the case of *State v. King,* 137 Ga. App. 26 this court held, with the opinion being written by Judge Evans, that the trial court properly dismissed the defendant because he had not been brought to trial promptly and was therefore denied his constitutional right of a speedy trial. In the case at bar, the majority opinion holds that the defendant should not be dismissed for lack of a speedy

trial, in which judgment I concur. But I feel it proper to point out a very pertinent difference in the *King* case and in the case at bar. In *King,* supra, the defendant was out of jail — on bond — whereas in the case at bar the defendant is in jail on another charge, serving a sentence at Reidsville, and under these circumstances he is not injured by failure of the state to give him an early trial. He can only serve one day at a time, and for the present, he is fully occupied with service of a sentence from a prior case.