## 36303. THE STATE v. BENTON.

MARSHALL, Justice.

In this case, the Court of Appeals held that the state has no right under Code Ann. § 6-1001a to appeal a trial court's grant of a criminal defendant's motion for discharge and acquittal, where such motion is based on the denial of the defendant's demand for trial pursuant to Code § 27-1901. We reverse.

Code § 27-1901 provides, "Any person against whom a true bill of indictment is found for an offense not affecting his life may demand at either the term when the indictment is found, or at the next succeeding regular term thereafter, a trial; or, by special permission of the court, he may at any subsequent term thereafter demand a trial. In either case the demand for trial shall be placed upon the minutes of the court. If such person shall not be tried when the demand is made, or at the next succeeding regular term thereafter, provided at both terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment."

Where a person files a motion for discharge and acquittal because of the failure to grant his demand for trial under Code § 27-1901, such a motion constitutes a plea in bar, which is filed and ruled on before the person is put in jeopardy. See *State v. Fields,* 137 Ga. App. 726 (224 SE2d 829) (1976); *State v. King,* 137 Ga. App. 26 (222 SE2d 859) (1975). Code Ann. § 6-1001a(c) authorizes the state to take an appeal "[f]rom an order, decision or judgment sustaining a plea or motion in bar, when the defendant has not been put in jeopardy." Accordingly, the state can appeal the grant of such motions. See *State v. McDonald,* 242 Ga. 487 (249 SE2d 212) (1978); *State v. Ramsey,* 147 Ga. App. 150 (248 SE2d 289) (1978); *State v. Fields,* supra; *State v. King,* supra; *State v. Weeks,* 136 Ga. App. 637 (222 SE2d 117) (1975). See also *State v. Rowe,* 138 Ga. App. 904 (228 SE2d 3) (1976). Therefore, the Court of Appeals erred in dismissing this appeal.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 4, 1980 — DECIDED JULY 1, 1980.

*Hinson McAuliffe, Solicitor, George M. Weaver, Assistant Solicitor,* for appellant.

*John P. Howell,* for appellee.