65136. LETT v. THE STATE.

DEEN, Presiding Judge.

The record shows that appellant had been on probation until its revocation on September 19, 1974, because of the issuance of a warrant charging him with having committed armed robbery on July 26, 1974. Appellant served the remainder of his sentence at the state facility in Alto, Georgia, until his release on October 30, 1975. On February 4, 1975, the Echols County Grand Jury returned an indictment against appellant regarding the offense of armed robbery.

Appellant was never informed of the indictment, and no effort was made to locate appellant and prosecute the matter until February 5, 1980, when the District Attorney inquired of the Department of Offender Rehabilitation about any records of appellant's whereabouts. That department responded negatively, and nothing further occurred until early February 1982, seven years after the return of the indictment. Counsel was appointed for appellant on February 2, 1982. Trial of the case began on February 4, 1982, and on February 5, 1982, appellant was convicted; on February 17, 1982, he was sentenced to five years.

Since the return of the indictment, Sheriff J. L. Raulerson, who had arrested appellant and had been present during appellant's custodial interrogation and statement, had died. Appellant testified that he no longer knew where he could locate Osby Peterson, the co-indictee and person who allegedly had actually wielded the knife

during the robbery. Upon his release from Alto in October 1975, appellant had returned home to Echols County and worked with his father in tree farming; in 1979 appellant had married and moved to Valdosta, Georgia, where he had continued to reside until the trial.

Prior to the trial, appellant filed a plea in bar seeking dismissal of the indictment, on the grounds that he had been denied his right to a speedy trial as guaranteed under Article I, Section I, Paragraph XI of the Constitution of the State of Georgia and by the Sixth Amendment of the Constitution of the United States. The trial court denied the motion, finding that appellant had not been prejudiced by the delay and that the state's delay had not been purposeful or oppressive. Appellant enumerates as error that denial. *Held:*

There are four factors for consideration in determining whether there has been a violation of Sixth Amendment requirements for a speedy trial: (a) the length of the delay; (b) the reason for the delay; (c) the defendant's assertion of his rights; and (d) prejudice to the defendant. Barker v. Wingo, 407 U. S. 514 (92 SC 2182, 33 LE2d 101); *Treadwell v. State,* 233 Ga. 468 (211 SE2d 760) (1975); *Hall v. State,* 131 Ga. App. 786 (206 SE2d 644) (1974). Balancing the above factors in this case, this court concludes that appellant's Sixth Amendment rights were violated by the deprivation of a speedy trial.

1. Appellant was tried on February 4, 1982, seven years from the return of the indictment and seven and one-half years from the date of his arrest for the incident. The mere passage of time, however, is not enough to constitute a denial of due process. *Hughes v. State,* 228 Ga. 593 (187 SE2d 135) (1972) (20 months elapsed); *Sanders v. State,* 132 Ga. App. 580, 582 (208 SE2d 597) (1974) (8 months elapsed). The delay must result in prejudice to appellant's defense.

2. In considering the reason for the delay in prosecution, a balancing test applies, in which the conduct of both the prosecution and defendant are weighed. "A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." Barker v. Wingo, supra at p. 531; *Hall v. State,* supra. In this case, appellant in no way caused the delay. Unaware of the outstanding indictment, he did nothing to hinder any further prosecution or to conceal himself. Although, as found by the trial court, there is no evidence of any purposeful or oppressive delay by the state, nevertheless the state must bear the responsibility of the delay. The state attempted once in 1980, five years after the indictment, to locate appellant, and then only by inquiring with the

Department of Offender Rehabilitation as to any departmental records of his whereabouts. The state's explanation of being unable to locate appellant until February 1981 simply is insufficient, in view of so scant an effort.

3. Failure to demand a speedy trial because of unawareness of the indictment must at least be considered a neutral factor. *State v. Fields,* 137 Ga. App. 726 (224 SE2d 829) (1976). In *Fields,* the indictment pertained to the defendant's escape from prison and the defendant was unaware of the indictment because he had been at large when it was returned. In the instant case, because appellant's unawareness was less his own fault than that of the defendant in *Fields,* arguably this factor is deneutralized in favor of appellant.

4. The fourth factor, prejudice to the defendant, is further divided into considerations of the interests of the defendant which the right to a speedy trial was designed to protect: (a) to prevent oppressive pretrial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired. *Treadwell v. State,* supra; *State v. Fields,* supra. Obviously, the first two interests are not involved in this case, since appellant was not incarcerated before the trial for the offense and was unaware of any prosecution. Because the delay, contrary to appellee's argument, did impair appellant's defense, we find sufficient prejudice to appellant as to warrant dismissal of the indictment.

The fact was that the state did virtually nothing to prosecute the matter for almost seven years. Although this case was not barred by the seven-year limitation against prosecution under Code Ann. § 26-502 (b), because the indictment technically commenced the prosecution, the primary reasons for which limitations of prosecutions were established are applicable here: death, disqualification, or inaccessibility of witnesses; faded memories. Perhaps prejudice may not be presumed to result from the delay, *State v. Fields,* supra, but we need not so presume here, because sufficient actual harm was demonstrated. The arresting sheriff, who also had been present at the time of appellant's custodial interrogation, had died during the seven-year delay. Since part of appellant's defense revolved around contesting the circumstances and fruits of the custodial interrogation, the delay deprived appellant of the potential benefit of this witness. Similarly, appellant was unable to locate the co-indictee for the trial. The harm to appellant's case, under these circumstances, is not simply the inaccessibility of these possible witnesses, but rather the deprivation of the opportunity to investigate and develop his defense when such was meaningful.

In summary, because of the extreme delay in bringing this case to trial, the state's lack of any apparent, articulable reason for the delay, and the delay's impairment of appellant's case, this court concludes that appellant's Sixth Amendment due process right was violated by deprivation of a speedy trial. The denial of the plea in bar to dismiss the indictment must be reversed. We realize that dismissal of an indictment for denial of a speedy trial is a severe remedy, but it appears necessary and required to protect the right to a speedy trial. Strunk v. United States, 412 U. S. 434 (93 SC 2260, 37 LE2d 56) (1973); *Hall v. State,* supra.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED DECEMBER 1, 1982.

*Gary M. Wisenbaker,* for appellant.

*H. Lamar Cole, District Attorney, Fred R. Simpson, Assistant District Attorney,* for appellee.