## 67823. GLIDEWELL v. THE STATE.
## 67824. WHITEHEAD v. THE STATE.

DEEN, Presiding Judge.

In January 1983 appellants Glidewell (case no. 67823) and Whitehead (case no. 67824) were apprehended in the act of robbing at gunpoint an Albany, Georgia, grocery store and were charged with armed robbery. They were incarcerated in the Dougherty County Jail, where they remained until they were jointly tried in September 1983, after having been indicted in June.

At trial, counsel for Glidewell moved for dismissal on grounds of violation of the speedy trial provisions of the Sixth Amendment to the Constitution of the United States. Appellant Whitehead, rejecting the proffered services of an appointed attorney at trial, contended that he had filed demands for a speedy trial the previous March and July and argued that the charges against him should likewise be dismissed. The court overruled these contentions.

A Dougherty County jury found both defendants guilty as charged, and they were sentenced to twenty years' imprisonment. On appeal both Glidewell and Whitehead enumerate as error the alleged violation of the speedy trial provisions of relevant law. Whitehead, representing himself on appeal, enumerates the following additional errors: (2, 5) he was allegedly arraigned only five minutes before his trial, and in the presence of the jurors who were to hear his case; (3) he was attended at trial by armed guards; (4) he was prejudiced by a deputy sheriff's reading at trial a statement made by appellant prior to trial, and by the court's alleged comments on his not taking the witness stand in his own defense; (6) he was denied effective assistance of counsel; and (7) the circumstances of the offense did not warrant a charge of armed robbery because he was arrested before he had a chance to leave the store. *Held:*

1. We shall first address those enumerations peculiar to Whitehead's appeal (case no. 67824), and then the common enumeration. The record lends no support whatsoever to enumerations 2, 4, 5, and 6. Whitehead was accorded the usual protections against a biased jury; the prior statement was introduced in accordance with the rules of evidence; and the court made no unnecessary or otherwise prejudicial allusion to appellant's failure to testify. The record confirms that, as noted supra, appellant Whitehead refused to permit his appointed attorney to assist in the defense.

As to the third enumeration, it is well settled that the decision as to what security measures should be instituted in the courtroom

during the trial of a person accused of a violent crime is within the discretion of the trial court. *Allen v. State,* 235 Ga. 709 (221 SE2d 405) (1975); accord, *Gates v. State,* 244 Ga. 587 (261 SE2d 349) (1979). We find in the instant case no abuse of that discretion. *Allen v. State,* supra; see also Kennedy v. Cardwell, 487 F2d 101 (6th Cir. 1973).

The seventh enumeration is without merit as a matter of law. Under OCGA § 16-8-41 (Code Ann. § 26-1902), "[t]he slightest change of location whereby the complete dominion of the property is transferred from the true owner to the trespasser is sufficient asportation" to meet the statutory criterion. *Johnson v. State,* 9 Ga. App. 409 (71 SE 507) (1911). *James v. State,* 232 Ga. 834 (209 SE2d 176) (1974).

2. The leading case in the speedy trial area is Barker v. Wingo, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). Barker sets forth four factors which should be considered in determining whether Sixth Amendment rights to a speedy trial have been abrogated. These factors are (1) length of delay, (2) reason for delay, (3) defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant. This four-factor test was enunciated in a fact situation in which the defendant was indicted within two months of the offense but was not tried for more than five years.

Under Georgia law the speedy trial protections have been traditionally held to be triggered by the formal indictment or accusation; i.e., the commencement of the prosecution. *Hall v. Hopper,* 234 Ga. 625 (216 SE2d 839) (1975). Georgia's speedy trial statute provides that "[a]ny person against whom a true bill of indictment . . . is found . . . may enter a demand for trial at the court term at which the indictment . . . is found or at the next succeeding regular court term thereafter . . ." OCGA § 17-7-170 (a) (Code Ann. § 27-1901). The statute further provides that "[i]f the person is not tried when the demand is made or at the next succeeding regular court term thereafter, . . . he shall be absolutely discharged and acquitted of the offense charged . . ." OCGA § 17-7-170 (b) (Code Ann. § 27-1901). Scrutiny of the record in the case *sub judice* discloses that the statutory requirements were met. The Dougherty County Superior Court has six two-month terms: January-February, March-April, May-June, July-August, September-October, and November-December. Appellant Whitehead was indicted in June (May Term); he filed his postindictment demand for trial in July (July Term); he was tried in September (September Term). Thus any claim or enumeration of error under the statute must be invalid.

Appellants contend, however, that the five-month delay between arrest and indictment invokes the protection of con-

stitutional guaranties of a speedy trial. This contention finds support in both federal and state law. "While the statute may prescribe a means of asserting one's right to a speedy trial after indictment, appellant has a sixth amendment right to a speedy trial which attached at arrest . . ." *Haisman v. State,* 242 Ga. 896, 898 (252 SE2d 397 (1979). Moreover, the pre-indictment right to a speedy trial has been held to attach on the basis of the due process clause of the Fifth Amendment. See, e.g., *Natson v. State,* 242 Ga. 618, 621 (250 SE2d 420) (1978); *State v. Hight,* 156 Ga. App. 246 (274 SE2d 638) (1980). Consequently, the Barker v. Wingo four-factor test has been held on Fifth Amendment grounds to be applicable to the situation, like that in the instant case, where the complained-of delay occurs not between indictment and trial but between arrest and indictment.

Applying this test, we consider first the length of the delay: five months from arrest to indictment, and three more months until trial, or eight months altogether. Case law on this subject suggests that such a delay is not of sufficient duration to constitute, in and of itself, grounds for dismissal of the charges against appellant. See, e.g., *Harris v. Hopper,* 236 Ga. 389 (224 SE2d 1) (1976); *Treadwell v. State,* 233 Ga. 468 (211 SE2d 760) (1975). See also United States v. Edwards, 577 F2d 883, cert. denied 439 U. S. 968 (99 SC 458, 58 LE2d 427) (1978) (13 months between arrest and indictment; 21 months from arrest to trial). As the Barker court held, "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors . . . Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." Barker v. Wingo, supra at 514, 530. While we have indicated, supra, that the length of delay in this case is not so great as that in other cases in which it was held not to invoke the provisions of OCGA § 17-7-170 (b) (Code Ann. § 27-1901), we shall nevertheless, *arguendo,* proceed to a consideration of the remaining three factors.

The second factor is the reason for the delay. Had appellant caused the delay by legal maneuvers, for instance, the fact of the delay would weigh against his speedy trial demands. *Myron v. State,* 248 Ga. 120 (281 SE2d 600) (1981), cert. denied 454 U. S. 1154 (102 SC 1025, 71 LE2d 310) (1982). Such was not the situation in the instant case, but, on the other hand, neither was there evidence that the state had intentionally undertaken "a purposeful or oppressive delay." *Natson v. State,* supra at 621. Initially, the indictment and trial were delayed for one month (January to February) while law enforcement officials were attempting to find and take into custody a second co-defendant; the record is silent as to why further delay ensued.

Absent a showing of intentional or negligent delay on the part of the state, the reason for the delay would not be such as to demand dismissal of the charges. *Id.*

As to the third factor, assertion of the right to a speedy trial, the record reveals that appellant attempted, both before and after indictment, to obtain a speedy trial. However, as noted supra, in view of the relatively short total elapsed time between arrest and trial, and particularly in view of the swift progression from indictment to trial, we cannot conclude that appellant's vehement assertion of his right to a speedy trial, standing alone, would bring his case within the Barker v. Wingo mandate. See, e.g., *Sanders v. State,* 132 Ga. App. 580 (208 SE2d 597) (1974).

The fourth factor, prejudice to the defendant, embraces three elements: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." Barker v. Wingo, supra at 532; *Lett v. State,* 164 Ga. App. 584 (298 SE2d 541) (1982); *Treadwell v. State,* supra; *State v. Fields,* 137 Ga. App. 726 (224 SE2d 829) (1976).

There is no evidence that appellant's pretrial incarceration was any more oppressive than that of any other person who might find himself confined in a penal institution; imprisonment is imprisonment, and is therefore oppressive by nature. However, in the light of appellant's apprehension *in flagrante delicto,* it is difficult to argue that in the instant case an alternative to the incarceration of an armed robber would have been fair to society. By the same token, it would be difficult to argue that imprisonment between arrest and trial would seriously aggravate appellant's "anxiety and concern." Not even the most sanguine of persons, caught red-handed as were appellants, could seriously expect a jury to find them otherwise than guilty of the offense charged. When one already knows the worst, there is very little left that can induce "anxiety and concern."

Finally, as appellant Glidewell's attorney acknowledged in his brief, appellants had no defense to be impaired. They were apprehended on the scene of the crime, in the presence of multiple eyewitnesses, including several individual victims. In the peculiar circumstances of this case, there was no danger, as in certain cases cited by appellant, that a crucial witness would die, or that vital records would be lost, or that a look-alike genuine perpetrator would surface in the far-off future. See, e.g., Barker v. Wingo, supra. Compare *Natson v. State,* supra at 622; *Washington v. State,* 243 Ga. 329 (253 SE2d 719) (1979). The crux of the matter, in the cases *sub judice,* is that with regard to neither appellant did the delay work prejudice or harm in the legal sense, so as to contribute either to the

conviction itself or to the duration of the sentence. "Weighing all of the factors, we conclude that the . . . delay, not shown to be purposeful and not shown to have prejudiced the defendant[s] in any way[,] was not a denial of the . . . right to a speedy trial." *State v. Fields,* supra at 729. We must therefore affirm the judgment of the court below.

This is not to imply that we do not concur fully in the rationale of Barker v. Wingo, or that we condone any act of omission by law enforcement agencies or the courts that would operate to deny any defendant the right to a speedy trial. As the cases cited hold almost unanimously, however, each case must be decided in the light of its own facts. The facts in the two cases *sub judice* demand the conclusion that, as a matter of law, appellants were not unconstitutionally denied their right to a speedy trial.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 15, 1984.

*Daniel MacDougald III,* for appellant (case no. 67823).
Frank Wilson Whitehead, *pro se* (case no. 67824).
*Hobart M. Hind, District Attorney,* for appellee.